PEOPLE v DeJONGE (ON REMAND)

PEOPLE v BENNETT (ON REMAND)

Docket Nos. 134296, 134297. Submitted October 29, 1990, at Lansing.
Decided April 15, 1991, at 9:15 A.M. Leave to appeal sought.

Mark and Chris DeJonge were convicted in the Ottawa Circuit
Court, Calvin L. Bosman, J., of violating the state compulsory
school attendance law by attempting to educate their children
in their home without providing instruction by a certified
teacher. John and Sandra Bennett were convicted in the
Wayne Circuit Court, Richard P. Hathaway, J., of a similar
charge. The defendants filed separate appeals, which were
consolidated, claiming exemption from the compulsory atten-
dance law and violation of their constitutional right to the free
exercise of religion. The Court of Appeals affirmed. 179 Mich
App 225 (1989). The Supreme Court, in lieu of granting leave to
appeal, remanded the matter to the Court of Appeals for
reconsideration in light of *Dep't of Social Services v Emmanuel
Baptist Preschool,* 434 Mich 380 (1990), and the decisions of the
United States Supreme Court since the issuance of the Court of
Appeals decision.

On remand, the Court of Appeals *held:*

Neither the Michigan Supreme Court's decision in *Emman-
uel Baptist Preschool* nor the most recent pronouncement by
the United States Supreme Court relative to the Free Exercise
Clause compels a result different from that reached in the
original appeal; accordingly, the defendants' convictions of
violation of the state's compulsory attendance law are affirmed.
The decision of the United States Supreme Court in *Employ-
ment Div, Dep't of Human Resources v Smith,* 494 US —; 110 S
Ct 1595; 108 L Ed 2d 876 (1990), by its own language, is not
applicable to the situation presented in these cases, leaving
unaltered the holding before remand that the burden imposed
on the defendants' religious beliefs must be justified by a
showing of some compelling state interest. The decision of the
Michigan Supreme Court is distinguishable because in these
cases there is no less restrictive means of achieving the state's
compelling interest in educating children subject to the state'

compulsory school attendance law. The state's regulation bears a rational relationship to a legitimate state purpose.

Affirmed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Wesley J. Nykamp,* Prosecuting Attorney, and *Mark A. Feyen,* Assistant Prosecuting Attorney, in Docket No. 134296, and *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research Training and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, in Docket No. 134297, for the people.

*David A. Kallman,* and *Michael P. Farris,* and *Christopher J. Klicka,* of the Home School Legal Defense Ass'n, for defendants.

Amicus Curiae:

*Mark Brewer (Paul Denenfeld,* of Counsel), for the ACLU Fund of Michigan.

ON REMAND

Before: DOCTOROFF, P.J., and MAHER and MARILYN KELLY, JJ.

MARILYN KELLY, J. On remand from our Supreme Court, we have been asked to reconsider our opinion in *People v DeJonge,* 179 Mich App 225; 449 NW2d 899 (1989). *People v DeJonge,* 436 Mich 874 (1990). We have undertaken the reconsideration in light of recent decisions of the United States Supreme Court and our Supreme Court's decision in *Dep't of Social Services v Emmanuel Baptist Preschool,* 434 Mich 380; 455 NW2d 1 (1990). We once again affirm defendants' convictions of violating the state compulsory school at-

tendance law. MCL 380.1561; MSA 15.41561; MCL 380.1599; MSA 15.41599.

At issue is the question whether the state's requirement that nonpublic schools use state certificated teachers violates the DeJonges' right to free exercise of religion. Also at issue is the Bennetts' right to direct the education of their children.

In our previous opinion we concluded that the burden imposed on the religious beliefs of Mrs. DeJonge was minimal. Mrs. DeJonge did not believe that her religion prohibited her from hiring certificated teachers, and she failed to show she could not hire a certificated teacher who met her qualifications. *DeJonge,* 235. In addition, this state has a compelling interest in the quality of the education of its citizens which justifies the burden imposed on Mrs. DeJonge's religious beliefs.

We held, also, that the burden imposed on Mr. DeJonge's religious beliefs is much greater, as he believes it sinful to submit to state authority and employ certificated teachers. However, the state's compelling interest in the education of children raised within its boundaries justifies the burden imposed. We also concluded that the certification requirement was the least obtrusive means of achieving the state's interest. Since Mr. DeJonge believes that all state authority is a sin, there is no alternative for the state that would be less obtrusive. *DeJonge,* 235, 237.

The most recent United States Supreme Court case involving the Free Exercise Clause of the First Amendment is *Employment Div, Dep't of Human Resources v Smith,* 494 US —; 110 S Ct 1595; 108 L Ed 2d 876, 885-887 (1990). The majority there held that criminal laws which effectively burden a particular religious practice need not be

justified by a compelling state interest if they are generally applicable and religion-neutral. The rule may not apply where constitutional protections in addition to the Free Exercise Clause are involved. *Id.,* 108 L Ed 2d 887.

The instant case falls within the exception to the rule. It involves both the right of parents to direct the education of their children and the free exercise of religion. Thus, *Employment Div* is not applicable and does not alter our prior holding that the burden in this case must be justified by some compelling state interest.

We consider next our Supreme Court's memorandum opinion in *Emmanuel.* There, the Court required the state not to enforce licensure requirements of the childcare organization act upon the program director of a preschool. MCL 722.111 *et seq.*; MSA 25.358(11) *et seq.* The Court held that the regulatory requirements violated the free exercise of defendants' religious beliefs. *Emmanuel,* 388-389.

The defendants in *Emmanuel* challenged the state's requirement that a program director complete classes in child development, child psychology or early childhood education and graduate from an accredited institution. Defendants' director did not meet the requirements. It was defendants' practice to select their preschool program director from a fundamentalist Christian college, because such colleges teach a philosophy of education based on the Bible. Some of these colleges forgo accreditation because of religious beliefs. *Emmanuel,* 443.

In his concurring opinion, Justice CAVANAGH stated that the regulation imposed a burden on the defendants' exercise of their religious beliefs. He assumed the state had a compelling interest in imposing minimal educational standards on pres-

chool teachers. However he concluded that the regulation was not the least restrictive means of accomplishing the state's interest. The evidence suggested that the Department of Social Services had developed an alternative test to determine the sufficiency of a program director's educational credentials. On that basis, he found the regulation violated the free exercise of defendants' religious beliefs. *Emmanuel,* 415-417.

Justice GRIFFIN wrote a concurring opinion joined by Justices RILEY and LEVIN. They concluded that the DSS had failed to show a compelling reason for its refusal to recognize an exemption from the accreditation requirement in this case. They held that the requirement was unconstitutional as applied to those defendants. *Emmanuel,* 445-446.

Justices BOYLE, BRICKLEY and ARCHER did not reach the merits of this issue, because they found that the claim was not ripe for review. The DSS had not threatened to enjoin operation of the daycare center as a result of the program director's failure to comply with the regulation. *Emmanuel,* 471-472.

We find the facts of *Emmanuel* are clearly distinguishable from those in the case at bar. This case involves the credentials of teachers of elementary and secondary school children. We believe the state has a compelling interest in the education of children old enough to be subject to the state's compulsory school attendance law. MCL 380.1561(2); MSA 14.41561(2). See *Sheridan Road Baptist Church v Dep't of Education,* 426 Mich 462, 478-482; 396 NW2d 373 (1986), cert den 481 US 1050 (1987). *Emmanuel* involved the credentials of the program director of a preschool and day-care center. The children were not required by the state to attend any school. The program direc-

tor was not directly responsible for teaching them. See *Emmanuel,* 438-439.

In addition, there is no evidence that a less restrictive means of achieving the state's interest is available in this case. The alternative proposed in *Emmanuel,* individual examination of each director, is not feasible in the case of teachers. Moreover, since Mr. DeJonge opposes all state involvement in the education of his children, this alternative would impose just as great a burden on his religious beliefs. Accordingly, we reaffirm the DeJonges' convictions.

We also reaffirm the Bennetts' convictions. The Bennetts objected to the regulation solely on the ground that it violated their Fourteenth Amendment right to direct the education of their children. We have already concluded that the teacher certification requirement satisfies the strictest standard of review. Therefore, we would also find that the state's regulation bears a rational relationship to a legitimate state purpose. See *DeJonge,* 238.

Affirmed.